IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


THOMAS C. TATE,

    Plaintiff,

vs.                                                   CASE NO. 4:05CV455-MP/AK

LEARNON LEON, et al,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendants[1] were deliberately indifferent to his serious medical needs. (Doc. 9). Defendant Leon filed a special report (doc. 41), which has been construed as a motion for summary judgment. (Doc. 45). Despite numerous attempts, the United States Marshals Service was unable to locate and serve Defendant Allen Winston. (Docs. 24, 25, 35, 47). Plaintiff was directed by Order dated July 26, 2007, to advise the Court within thirty days of what actions he wished to take with regard to the inability of the Court to locate and serve Dr. Allen Winston, (Doc. 54), but no further information has

---

[1] Defendant Leon responds that the correct spelling of his first name is Learnon.

been provided about Dr. Winston and it is herein recommended that the claims against this defendant be dismissed for failure to serve him within 120 days pursuant to Rule 4(m), Federal Rules of Civil Procedure.

## I.     Allegations of the Amended Complaint (Doc. 9)

Plaintiff claims that he had a back condition that was re-injured in 2005 when he jumped off a top bunk at the Leon County Jail.  He was examined and given pain medication and muscle relaxers.  On September 7, 2005, an unidentified nurse allegedly told Defendant Leon that she saw Plaintiff give his pain medication to another inmate.  Defendant Leon then allegedly requested that all pain medication be discontinued for Plaintiff, which Dr. Winston did on September 8, 2005.  Plaintiff contends that Defendant Leon never investigated the claim, which he did not actually witness, and thereby caused him to be without pain medication and to suffer for four weeks.  Ultimately Plaintiff claims that his medication was restored after he filed a grievance.

Attached to the amended complaint are grievances where Plaintiff complains that his medication was discontinued and the responses that Dr. Winston determined that he would no longer get his Flexeril because of an incident on September 7, 2005, where he was observed by Nurse Katherine Bratcher removing a Flexeril from his mouth and giving it to Inmate Justin Harding.

## II.    Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an

**No. 4:05cv455-MP/AK**

essential element of that party's case." <u>Nolen v. Boca Raton Community Hospital, Inc.</u>, 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts.  <u>Durruthy v. Pastor</u>, 351 F.3d 1080, 1084 (11th Cir. 2003); <u>Skrtich v. Thornton</u>, 280 F.3d 1295, 1299 (11th Cir. 2002).   The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  <u>Celotex</u>, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, <u>Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation</u>, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be considered genuine, they must have a real basis in the record." <u>Mize v. Jefferson City Board of Education</u>, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "  <u>Owen v. Wille</u>, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule

**No. 4:05cv455-MP/AK**

56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment. Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

### III.  Defendants Rule 56(e) evidence (doc. 41, exhibits 1-4)

a) Affidavit of Defendant Learnon Leon

Defendant Leon attests that on September 7, 2005, he was at the Lone County Jail assisting a nurse as she passed out medication. He witnessed Plaintiff place his medication in his mouth and appear to swallow it, but Leon the saw Plaintiff go to the back of the area and stick his hands in his mouth, remove the medication, and give it to another inmate. Defendant Leon confronted Plaintiff, who did not deny it, and a nurse was told about it and made a report of it which was provided to the jail physician, as was policy. Defendant Leon attests that he made no decision with regard to the discontinuation of the medication nor did he have the authority to prescribe or discontinue, even temporarily, an inmate's medication because he is a correctional officer only.

b) Affidavit of Lawrence Wilson

Lawrence Wilson is a lieutenant at the Leon County Jail, and arranged for a grievance hearing on Plaintiff complaint with regard to his pain medication. The hearing

**No. 4:05cv455-MP/AK**

was held on October 3, 2005. Attached to the affidavit is the jail's policy and procedure with regard to medical grievances and an attendance sheet for the hearing.

  c)  <u>Affidavit of Colleen Meringolo</u>

Ms. Meringolo is Health Services Administrator for Leon County Jail and has attached to her affidavit Plaintiff's Medical Request form dated September 17, 2005; Memorandum by Bratcher dated September 7, 2005, with signature of Dr. Winston; and Minutes of Grievance Committee dated October 5, 2005. The request form shows that Plaintiff requested his back pain medication be renewed on September 17, 2005, and was told that Dr. Winston had discontinued his Flexeril because of Plaintiff's actions on September 7, 2005. Nurse Bratcher reported what Officer Leon saw (as set forth in Leon's affidavit) and asked if the Flexeril could be crushed so he could not give it away. She also suggested that he did not need it anymore if he was willing to take it out of his mouth, and also that he looked guilty when asked about it. The minutes of the grievance hearing show that in attendance were Lt. Wilson, L. Johnson, Dr. Winston, and Nurse Thomas. Plaintiff was told why his medications were discontinued (because he was seen giving it to another inmate), and he denied this. He was asked if he would take his medication in a crushed form, which was the ultimate decision of the committee that he would receive his medication, but only in crushed form.

**IV.** **Plaintiff's Response (doc. 70)**

It should initially be noted that Plaintiff submitted no evidentiary material nor did he present his statements in a sworn affidavit. He argues that Defendant Leon could not have seen him remove anything from his mouth because Plaintiff had his back to

**No. 4:05cv455-MP/AK**

Leon and was over 100 feet away. He also argues that if his medical records were provided to the Court it would see an ongoing pattern of neglect for his back condition and he could prove that it was over 3 months before he was given a grievance hearing on the issue and made to suffer without medication. He states that the October hearing was held three months after his medication was stopped. He contends that Bratcher probably did not even work at the jail when this occurred and someone else typed up her report. He also contends that clearly his medication was stopped as a form of punishment.

## IV. Analysis

Medical claims under the Eighth Amendment have an objective and subjective component, each of which additionally is considered to encompass two subsidiary requirements. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), cert. denied, 531 U.S. 1077, 121 S.Ct. 774, 147 L.Ed.2d 673 (2001). The "objective component" of the Eighth Amendment standard requires a determination whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. See Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991). This objective component varies with the situation and the conduct in question and is responsive to "contemporary standards of decency." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); see also Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). An objectively serious deprivation requires (1) showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need is one that, if left unattended, "pos[es] a substantial risk

**No. 4:05cv455-MP/AK**

of serious harm." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).  In addition, an objectively serious deprivation requires (2) showing the response made by the defendant to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain" and not simply "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law. Estelle, 429 U.S. at 105-06 (internal quotation marks omitted). See Taylor, 221 F.3d at 1257; see also Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Farrow, at 1243, quoting Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994).

To show the required subjective intent to punish the plaintiff must demonstrate that the defendant acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105.  This is defined as requiring (1) an "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists" and (2) the actual "draw[ing of] the inference." Farmer, 511 U.S. at 837.  In sum, in a claim of denial of medical attention under the Eighth Amendment "[u]ltimately, there are [] four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor, 221 F.3d at 1258.

Having reviewed the facts as alleged, and the evidence submitted by the Defendant, the undersigned is of the opinion that Plaintiff has failed to state a claim of

**No. 4:05cv455-MP/AK**

deliberate indifference on a number of grounds. First, Plaintiff's own version of the facts, as set forth in the complaint show that he was denied Flexeril, a muscle relaxer, on September 8, 2005, and it was resumed in crushed form after the hearing on October 5, 2005. This is not three months, as Plaintiff suggests. Also, Plaintiff states that he was given a pain medication **and** Flexeril for his back condition, but only Flexeril was discontinued. Plaintiff does not identify the pain medication he was taking and does not raise an issue with regard to the discontinuation of other medication. Based on Plaintiff's own allegations, it appears that he continued to receive pain medication, even after the Flexeril was stopped.

Plaintiff also does not allege an ongoing pattern of disregard for his back condition. His only complaint is about the limited time frame between September 8, 2005, and October 5, 2005, when his Flexeril was discontinued. He has not provided sufficient facts and provided no evidentiary material to show that the nearly one month suspension of his muscle relaxers caused him injury or suffering. Although he contends in his response to the motion that he had to have his medication doubled after this lapse in medication, he has offered nothing to support this or to show that his condition had worsened after this lapse in medication Thus, there is a significant question under these facts as to whether or not Plaintiff even had a serious medical need.

But assuming he did, he has still not shown that Defendant Leon had any authority whatsoever to order this medication discontinued and therefore, took actions that could be deemed an insufficient response to a serious medical need. The facts alleged in the complaint and supported by the evidentiary material submitted by the

**No. 4:05cv455-MP/AK**

Defendant show that he saw Plaintiff give another inmate his medication and Defendant told a nurse about it. He did not, by Plaintiff's own admission, complete a report or issue a disciplinary report about the incident. Plaintiff himself states that Dr. Winston ordered the medication stopped. The report sent to Dr. Winston about stopping this medication was prepared by Nurse Bratcher, not Defendant Leon, and Plaintiff has offered no facts to support his contention that she was not even employed by the jail at this time and her report was authored by someone else.

Plaintiff was granted a period of time for discovery and told that he could seek leave of Court to propound such discovery, but no such motion was filed. Thus, Plaintiff's argument that he was unable to obtain his medical record to support his allegations is not well founded since the record does not show that he made any attempts to obtain this information. He also could have obtained information to support his allegation that Nurse Bratcher was not employed by the jail and her report was fabricated, but he made no such attempt in this regard either. He has offered no affidavits from other inmates to support his contention that he was in significant pain for three months without his medication or that Defendant Leon had exhibited animosity towards him and had some motive to punish him by fabricating a story so that he could be denied his medication. Even if Plaintiff could prove that Defendant Leon did all of these things to punish him and in fact caused him significant pain, the decision to discontinue his medication was ultimately decided by his treating physician, Dr. Winston, whom the court was unable to serve for lack of information, and the report

**No. 4:05cv455-MP/AK**

upon which Dr. Winston based his decision was made by Nurse Bratcher, not Defendant Leon, and she was not named as a defendant in this cause.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment (doc. 45) be **GRANTED**, and that Plaintiff's amended complaint (doc.9), be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  It is also recommended that any claims against Dr. Allen Winston be dismissed for failure to serve him within 120 days of the filing of the complaint (December 12, 2005), pursuant to Rule 4(m), Federal Rules of Civil Procedure.

**IN CHAMBERS** at Gainesville, Florida, this __7th__ day of February, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 4:05cv455-MP/AK**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:05cv455-MP/AK**